(Lucas Co. Court of Common Pleas.)

FRANK H. HURD, et al. v. THE WHEELING & LAKE ERIE RAILWAY COMPANY, et al.

*Lawyer's lien on claim for damages, on account of legal services in bringing the suit—Settlement of the claim without his knowledge—*

A law firm brought suit for an administratrix against a R. R. Co., to recover damages for negligently causing the death of one of its employes the intestate of the administratrix, after having made a contract with the administratrix that for their fees they should have a certain share of the judgment if any was recovered. They notified the R. R. Co. of their interest in and alleged lien on the result of the suit or any settlement thereof, but the R. R. Co., without their knowledge or consent, entered into negotiations for a settlement with the administratrix, and finally settled with her, paying her a certain amount of money, and agreeing to pay the fee of her lawyers, no amount thereof being agreed upon. The law firm thereupon brought suit for a certain portion of the amount paid in settlement of the claim, making the R. R. Co., the administratrix as such and individually, and the guardian of the minor children of the deceased as such and individually, parties defendant. On demurrer to the petition on the ground of misjoinder of parties, and generally for insufficiency of facts stated in the petition, held:

(1.) That there is no cause of action that can be maintained against either of these representative parties, either the administratrix or the guardian, in their representative capacity: (2.) That there is but one cause of action as against the Railway Company and Rose Connell, individually, and therefore no misjoinder of the causes of action, there being but one, and that the two parties can properly be united in the case and a good cause of action stated against them.

(Decided Oct. 9, 1897.)

PRATT, J.

Suit was brought by Hurd, Brumback & Thatcher, as attorneys for Rose Connell, administratrix of John Connell, deceased, against the Wheeling & Lake Erie Railway Company, to recover damages for the death of John Connell, on the ground that his death was caused by the negligence of the railway company, and while the action was pending a settlement was made between the administratrix and the company, without the knowledge or consent of the attorneys. This action is now brought by Hurd, Brumback & Thatcher against the Railway Company, Rose Connell individually, Rose Connell as administratrix of John Connell, deceased, and Abby Riley as guardian of John Connell and Frank Connell, minor children of the deceased, to recover judgment for a certain portion of the amount alleged to have been paid by the railway company to the administratrix in settlement of her action against the company, and which it is alleged they (H. B. & T.) were entitled to receive by contract between them and the administratrix.

There are two grounds of demurrer to the petition:

1. That separate causes of action against several defendants are improperly joined.

2. That the said petition does not state facts sufficient to constitute a cause of action.

The first question proper for consideration is the second ground of the demurrer: Does the petition state facts sufficient to constitute a cause of action against the defendants, or either of them?

The demurrer is filed by all of the defendants, and raises the question properly as to whether an action could be maintained as to either.

In considering the different parties and their relations, I have considered first the question made as against Rose Connell as administratrix, and in connection with that, as against Abby Riley, as guardian, in their respective capacities.

As to the administratrix, it is claimed on behalf of the demurrer, that no action can be maintained against her, in her representative capacity, for the reason that the contract claimed to have been made by the administratrix s utterly void as against the estate. That is the manner in which the position is stated; I suppose, however, the real position is—not that the contract is utterly void, not that no action at law can be maintained on it; not that it would necessarily be void in equity—I would not suppose such a position could be maintained, or is intended to be sustained—viz., that it was void in equity. In support of the position that no action at law

can be maintained on it as against the administratrix in her representative capacity, McBride v. Brucker, Admr., 5 C. C. Repts. p. 12, is cited and directly sustains the position. Thomas v. Moor, 52 Ohio St. 200, is also cited, and is to the same effect, although not so directly in point. Miller v. West, 5th Circuit Court, 90, also sustains the position. But I do not deem it essential for me to spend further time upon that position—but simply cite these authorities.

It is objected on the part of the plaintiff's counsel that these decisions relate to the administration of general estates in which the creditors are interested, but that here the action is for the benefit of the widow and next of kin alone; that no one else is interested, and that the statute in reference to recovery for a death simply provides who shall represent the real parties in interest, and that the person named by the statute is simply the agent for the real parties in interest, and therefore can bind them in all matters connected with the performance of his agency. As a general principle, there is no doubt about the authority of an agent to bind the principal within the scope of his agency, and this position, at the time it was stated, struck me very forcibly, and has caused me no little difficulty in getting at what should be the proper ruling of the court. I have given it all the consideration that I am able to; and not having had cited before me, and not being able to find, any decision directly in point, I have simply applied my best judgment to the solution of the question.

The question is, whether any of the cases referred to should be applied to this case, or whether they should not. In the case cited from the Fifth Circuit, Judge Albaugh, on page 15, discusses the question in a general way and refers to a case in 28 Ohio St., and also to the case of Kittredge v. Miller et al., Trustees, decided by the Superior Court of Cincinnati, and reported in 19 Law Bulletin, page 119, which I consider to be a case entitled to very grave consideration. The action was brought by E. W. Kittredge, of Cincinnati, the surviving member of the old firm of Stallo & Kittredge—one of the most prominent firms that we ever had in Ohio—to recover a large amount of fees as against the trustees in the greatly-litigated Purcell estate. It was an action for legal services rendered for the assignees, and the question was, whether an action could be maintained against a trustee. The action was against Miller & Tafel, trustees of the estate of John B. Purcell, deceased, and the opinion is rendered by no less a judge than judge Taft, the father of the present judge; and it is, as would be expected, a very able opinion, referring to and discussing the whole

question. It would occupy too much time and would be unnecessary—having referred counsel to the decision and given my judgment as to the weight that should be given to it—to say more than that I consider the case very much in point in this case, and that the rule there applied to a trustee should be applied in this case. The interest here of these beneficiaries is of the same nature and character as that of the devises under the Purcell will. That raised the question as to whether an action at law could be maintained against an assignee of an insolvent estate on a cause of action arising after the assignment. The Purcell estate was insolvent, and there was a will, and I think the principle involved there applies here and sustains the position taken that the action here for the purpose of recovering a judgment against an administratrix, in her representative capacity, is not changed by the fact that this administration is not in all respects the same as a general administration in which creditors are interested, and upon that consideration the demurrer to the petition as against the administratrix must be sustained.

Now, as to the guardian. No authority is cited, and I can find no authority as to the right to commence and maintain an action at law against a guardian, and I know of no case directly involving the question; but I see no reason why the same principle should not be applied to the guardian, and the demurrer will be sustained as to the guardian also, upon the same principle.

So far as the railway company is concerned, it is claimed by counsel for defendant, in argument, that there is doubt about the manner in which this action is sought to be sustained as against it. The question has been argued whether the action could be sustained against the railway company upon a promise on the part of the railway company, as alleged in the petition, to pay the fees of the attorneys in the case. The allegation is this—after alleging in reference to a settlement— "That as part of the consideration of said settlement, said Railway Company further agreed to pay the attorney fees which these plaintiffs were entitled to in said above-named case." The substance of this allegation, taken in connection with the petition, is this: That in consideration of the acceptance by the administratrix of the sum of $3,500, it, the Railway Company, is to further pay the fees of the plaintiff. There is no allegation that the Railway Company agreed to pay any certain amount; there is no allegation that the company agreed with the plaintiffs to make any payment to them. The further allegation is made that "These plaintiffs served written notice upon the defendant Railway Com-

pany and upon its attorneys of record, in said above-named case, Messrs. Swayne, Swayne & Hayes, that they had an interest in the proceeds of, and a lien upon any settlement made or judgment rendered in said action, so brought by the said Rose Connell, administratrix; and requested the said Railway Company to consult with plaintiffs before any adjustment of said cause was made, and told said company that these plaintiffs would favor a settlement of said cause upon a reasonable basis. That said company in response to said notice, told these plaintiffs that the said company would consult with them, and would make a proposition of settlement of said cause to plaintiffs as attorneys for the said administratrix; but instead of doing so, wrongfully, fraudulently and with intent to defraud plaintiffs of the just compensation to which they were entitled, caused said settlement to be brought about without the knowledge or consent of plaintiffs and without giving them any notice thereof." That is made a part of the allegation which was intended to charge the Railway Company with wrong-doing, substantially charging it, not upon a promise to pay plaintiffs any certain amount of money, not a notice to it that they claimed any certain amount of money, not an allegation that they expected the company to pay in addition to the settlement made with the administratrix any certain amount of money, but that they had a lien upon the money that was to be paid by the Railway Company, and asking that the Railway Company retain out of the settlement the sum due to them, or to decline to pay it over to the administratrix until the plaintiffs herein had been consulted, or notified, and that this the Railway Company have never done.

This petition is drawn substantially on the basis of the Chapman case, in 45 Ohio St., so well known, and that was considered by the supreme court to be an action at law, substantially—that it was an action for a wrong, against the company, to recover a personal judgment.

There are two points involved here:

1. Is this action to recover upon a special promise made by the company to pay the plaintiff's fees, or upon the allegation here made and stated as an incident of fraud or conspiracy?

2. If there is such a promise, sufficiently set forth, is it a promise to pay the debt of another within the statute of Frauds?

As to the first of these questions, a reading and repeated re-reading of the petition leaves me in doubt; but, taking it all—what is alleged on page 5 of the petition, in connection with what is on page 4,—and in connection with the relief asked, and in connection with the allegation of the absence of knowledge on the part of the company, I am of the

opinion that no sufficient cause of action is set up as against the company, independent of the fraud charged, and that this, as against the Railway Company, must be sustained, if sustained at all, upon the fraud alleged—the tort or wrong —and not on contract; and the distinction to be made is: Whether it is tort or contract that is alleged in the petition, and my judgment is, that it is a tort, and not a contract.

Although the decision in the Chapman case (45 Ohio St.,) draws in question whether that case was one where a jury could be demanded, yet the basis of the decision was the right to maintain an action at law upon a state of facts substantially the same and upon a petition which has been used as a precedent in drafting the petition here, and I think if all that is stated in this petition was taken as an allegation of a new promise, that it is within the Statute of Frauds, and could not be enforced. The case cited by counsel from 42 Ohio St., and several other cases, have been examined by me in this connection, but in my judgment, Crawford v. Edison, 45 Ohio St., 239, is the strongest case in support of plaintiff's contention in this case. That, however, was an original agreement between parties to a new contract, and only had the effect incidentally of paying the debt of another. Here the plaintiffs were in no manner parties to a new agreement, they did nothing on the faith of the promise, while in the case cited, the mechanic refused to go on with the work unless the owner would agree to pay him, and, upon such promise being made and upon the faith of it, he did go on with the work. Birchell v. Neaster, 36 Ohio St., 331, is, in my judgment, more to the point: See statement of counsel, p. 332, and opinion of the court, p. 337. Considering the facts here in connection with the statements as to the law there made. it may be observevd that here it is not alleged that the plaintiffs released their claim against their clients, but this action is even brought against both— against the original debtor and the new promisor—and a judgment asked against both, and I am clearly of the opinion that such an action could not be maintained upon a promise, although the line as between an original promise and a collateral one, when considered in the light of the Statute of Frauds, is a very close one.

So far as the action against Abby Riley as guardian, is concerned,—it is not an action against her individually, and the further question is:—Whether there is a cause of action alleged against the Railway Company and Rose Connell, individually. So far as this is concerned, I have substantially given my opinion already as to its not being sustained against the Railway Company upon any new promise; I have stated that it cannot be sustained on a promise; but when we come to the question of an action on a tort against the Railway Company and against Rose Connell, individually, I think the case is covered by the Chapman case, and that it being for a wrong —a tort—that every party taking part in that tort is liable and may be sued either together or individually, and I think this petition under consideration has a cause of action stated against Rose Connell, individually, and the Railway Company, and the result of my examination of the case is: (1.) That there is no cause of action that can be maintained against either of these representative parties, either the administratrix or the guardian, in their representative capacity: (2.) That there is but one cause of action as against the Railway Company and Rose Connell, individually, and therefore no misjoinder of the causes of action, there being but one, and that the two parties can properly be united in the case and a good cause of action stated against them.

The entry will be made accordingly: Demurrer sustained as to Rose Connell, administratrix, and Abby Riley, guardian, and overruled as against the Railway Company and Rose Connell, individually.

Hurd, Brumback & Thatcher, for Plaintiffs.

Swayne, Swayne & Hayes, for Defendants.